THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:



DATED: July 27, 2012

_____
Honorable Pamela Pepper
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| In Re: CURTIS BECKER, JR. | Chapter 13 Bankruptcy Case |
|---|---|
| Debtor | Case No. 12-23760-PP |

**ORDER CONFIRMING PLAN**

Submitted by Trustee Mary B. Grossman
**Partial Plan Summary:**
**Effective Date: May 10, 2012**
**$75.00 Bi-Weekly for 60 months**
**Not less than 1% on unsecured claims**

A plan having been filed on March 28, 2012 and having been transmitted to creditors; and

1. The plan complies with the provisions of Chapter 13 and with other applicable provisions of the Bankruptcy Code;
2. The filing fee and any other amounts required to be paid before confirmation have been paid;
3. The action of the debtor in filing the petition was in good faith and the plan has been proposed in good faith and not by any means forbidden by law;
4. The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor(s) were liquidated under Chapter 7 on such date;
5. Each holder of an allowed secured claim provided for by the plan has accepted the plan; or the debtor has surrendered the property securing such claim to such holder; or the plan provides that the holder of such secured claim retain the lien securing such claim until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under § 1328; and the value on the effective date of the plan of property to be distributed under the plan on account of such claim is not less than the amount of such claim;
6. The debtor(s) will be able to make all payments under the plan and to comply with the

plan;
7. The debtor(s)has paid all domestic support obligations that became due after the filing of the petition, if any; and
8. The debtor(s) has filed all applicable federal, state and local tax returns as required by § 1308.

IT IS ORDERED, that the debtor's plan is confirmed.

IT IS FURTHER ORDERED, that the debtor(s) shall not, without obtaining prior written consent and approval of the Trustee or an Order of the Court, become liable for money borrowed or purchases of any kind on credit; and if the debtor fails to comply with this Order, the plan shall be subject to dismissal or to such other remedial and corrective action as the Court may deem appropriate, after such notice to the debtor and other interested persons as the Court may direct.

IT IS FURTHER ORDERED, that property of the estate shall revest in the debtor as provided for in the plan. That during the pendency of the plan confirmed herein, all property of the estate, as defined in § 1306(a) of Title 11 of the United States Code, shall remain under the exclusive jurisdiction of the Court and the debtor shall not, without the appropriate consent of the Chapter 13 Trustee, or the Court, sell or otherwise dispose of or transfer such property other than in accordance with the terms of the plan confirmed herein.

IT IS FURTHER ORDERED, that funds paid to and in the possession of the Trustee pursuant to the plan are trust funds for distribution under the plan and shall not revest in the debtor(s) at any time.

IT IS FURTHER ORDERED THAT DEBTOR(S): shall provide copies of income tax returns to the Trustee each year by April 30th of the year in which the return is due. If the debtor(s) are engaged in business, file periodic financial statements with the trustee, not less than monthly. Debtor(s) shall pay all disposable income to the trustee for the life of the plan unless all allowed claims are to be paid in full in five years or less.

# # # # # # #